UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUSTIN C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-02235-RLY-MG |
| | ) |
| MARTIN O'MALLEY, Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Justin C. suffers from generalized anxiety disorder, post-traumatic stress disorder, and major depressive disorder. The ALJ determined that although he could not perform his past work, he was not disabled. The Magistrate Judge disagrees and recommends that the court reverse the ALJ's decision and remand for further proceedings. Defendant Martin O'Malley, Commissioner of the Social Security Administration, objects to the Magistrate Judge's recommendation. For the reasons set forth below, the court **OVERRULES** the Commissioner's Objection.

**I.     Background**

Briefly, the Commissioner's Objection centers around the state agency reviewing psychologists' residual functional capacity ("RFC") opinions. In the forms filled out by Dr. Lovko and Dr. Clark, there is a "checkbox" limitation section and a narrative RFC section. (Filing No. 10–3 at 8-9 (Lovko), 17–18 (Clark)). As relevant here, in the checkbox limitation section, both Dr. Lovko and Dr. Clark indicated moderate limitations

1

in Plaintiff's ability: (1) to "perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances"; and (2) "to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." (Filing No. 10-3 at 8, 17).  These findings were not mentioned in the psychologists' narrative RFC opinions. (Filing No. 10-3 at 9, 18).

The ALJ found Plaintiff had the RFC to perform a full range of work but with the following non-exertional limitations:

- Work that can be learned in 30 days or less;
- Can understand, remember, and carry out simple instructions;
- Can make simple work-related decisions;
- *No production rate pace*;
- No interaction with the public;
- Occasional interaction with coworkers and supervisors;
- No tandem tasks; and
- No exposure to hazardous machinery or unprotected heights.

(Filing No. 10-2, at 14, 16) (emphasis added).

The Magistrate Judge concluded that although the ALJ's RFC relied on the psychologists' "narrative findings to some extent (including [Plaintiff's] social functioning), it did not address the attendance issues identified in the checklist portion." (Filing No. 25, Report at 9).  The failure to address Plaintiff's limitations was especially problematic, he reasoned, "because the [vocational expert] testified that attendance issues as minimal as one unapproved or unplanned absence a month could preclude [Plaintiff] from competitive employment in the national economy." (*Id.*).  Consequently, he concluded, the ALJ committed reversible error.

2

## II.     Discussion

"An ALJ may rely on a doctor's narrative RFC, rather than the checkboxes, where that narrative adequately encapsulates and translates those worksheet observations." *Varga v. Colvin*, 794 F.3d 809, 816 (7th Cir. 2015).  Thus, the issue is whether the attendance and punctuality issues identified in the checklist portion of the RFC forms were adequately encapsulated into the ALJ's RFC.

The Commissioner contends the limitation of performing work with "no production rate pace" adequately incorporates Plaintiff's moderate limitations in attendance and punctuality.  As support, the Commissioner relies upon *Hess v. O'Malley*, 92 F.4th 671 (7th Cir. 2024).  There, the state agency physician, Dr. Orosz, made the same checkbox findings of the plaintiff as those at issue here.  *Id.* at 678.  The ALJ's RFC limited plaintiff to "a work environment with no fast-paced production quota or rate (any production requirements should be more goal oriented, such as based on a daily or weekly or monthly quota rather than assembly line work or other similar work)."  *Id.* at 676.  Over plaintiff's challenge, the Seventh Circuit held that the RFC adequately incorporated his moderate limitations because:

> [i]n such an environment, it would be less important for Mr. Hess to stay concentrated or on a schedule because his productivity would be measured against meeting goals.  Further, because the RFC limits Mr. Hess to work that is not 'fast paced,' the environment would be even more responsive to Mr. Hess's limitations.  Moreover, when we recall that Dr. Orosz rated those limitations merely 'moderate' rather than 'marked,' the ALJ properly accounted for Dr. Orosz's 'moderate limitations' findings.

*Id.* at 678.

*Hess* is distinguishable from the present case. The "no fast-paced production quota or rate" limitation in *Hess* was much more descriptive than the "no production rate pace" limitation at issue here. The limitation accounted for Mr. Hess's moderate limitation in his ability to "maintain attention and concentration for extended periods" and "to perform activities within a schedule." Moderate limitations in the "ability to maintain regular attendance[] and be punctual within customary tolerances" were not at issue in Mr. Hess's appeal—at least it does not appear so from the appellate decision. 92 F.4th at 678. The district court in *Hess* held that the ALJ's failure to include limitations related to attendance and punctuality in Mr. Hess's RFC was not error because Mr. Hess pointed to no evidence, other than his own testimony, to support those limitations. *Hess v. Kijakazi*,[1] 21-cv-114-jdp, 2022 WL 4481414, at *3 (W.D. Wis. July 25, 2022). The Seventh Circuit's discussion of whether the ALJ's RFC incorporated the checkbox findings of Dr. Orosz (block quoted above) does not mention those limitations. 92 F.4th at 678.

At any rate, the record indicates Plaintiff did have problems with regular attendance. Nurse Practitioner Ann Mulcahy of LPS Behavioral Health issued a Medical LOA and/or Accommodation Request for Plaintiff that indicated he could return to his job on a part-time basis, with a goal of working "2 days/week for total of 15 hours/week." (Filing No. 10-7 at 111). During intensive outpatient therapy, therapist Sarah Morrison noted Plaintiff "struggles at times with work pressures," that he is "able to work 2 days

---

[1] Kilolo Kijakazi was the former Acting Commissioner of Social Security and has been replaced by Martin O'Malley.

weekly," and "that he often calls off of at least one shift monthly due to increased anxiety." (*Id.*). Morrison also noted his "suspiciousness of customers in the automotive shop where he is current [sic] employed," which negatively impacts "both his concentration and his motivation to continue with assigned tasks." (*Id.*). The "no production rate pace" limitation says nothing about Plaintiff's ability to be "punctual," "maintain regular attendance," and to work "a normal workday . . . without interruptions from psychologically based symptoms." As such, it was error for the ALJ to rely solely on the state agency psychologists' narrative RFC. The Commissioner's Objection is **OVERRULED**.

**III.   Conclusion**

For the reasons set forth above, the court **OVERRULES** the Commissioner's Objection (Filing No. 26). The court **REVERSES** the ALJ's decision denying Plaintiff benefits and **REMANDS** this matter for further proceedings consistent with this opinion. Judgement shall issue forthwith.

**SO ORDERED** this 6th day of March 2024.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

5